## Schatz v. McCrory Stores Corp.

Before McKenrick, P. J., Griffith, and McDonald, JJ.

*Gleason & Krumenacker*, for petitioners.

*Spence, Custer, Saylor & Wolfe*, for respondent.

McDONALD, J., December 30, 1959.—This matter is before the court on petition of plaintiffs to strike off a judgment of non pros entered September 12, 1957. It was argued in August 1959, after having been placed on the argument list by the additional defendant, Trustees of Alma Lodge No. 523, Independent Order of Odd Fellows, now respondent.

The accident giving rise to the complaint occurred on January 31, 1948, on the sidewalk in front of premises owned by defendant at or near 434 Main Street, Johnstown. Complaint was filed on January 16, 1950, naming the McCrory Stores Corporation, hereinafter referred to as McCrory, as defendant. Since there was a question of the exact location of the accident, whether in front of the building owned by respondent or that of Nathan Realty Company, both of which were occupied in part by McCrory as tenant, and counsel for McCrory had requested this information from petitioners' counsel, who on "numerous occasions" agreed to furnish it. McCrory on May 25, 1951, asked leave of court to file preliminary objections upon failure of petitioners to furnish the information. In the meantime, on January 27, 1950, McCrory had filed a praecipe for writ to bring both respondent and Nathan Realty Company on the record as additional defendants. On October 22, 1951, after securing leave of court by a petition which averred: "After many delays, counsel for the plaintiffs has finally furnished counsel for the defendant with information to the effect that title to the portion of the building where defendant's place of business is located fronting on that part of the sidewalk where the alleged injury occurred is in Trustees of Almo Lodge No. 523, Independent Order of Odd Fellows, etc.", a complaint was filed and served on respondent. On September 8, 1952,

respondent filed preliminary objections praying for a more specific complaint. An amended complaint was filed February 26, 1953, setting forth more particularly the alleged location of the accident.

In summary of the above, it will be noted that respondent, until February 26, 1953, a period of over five years from the date of the accident, had no information of its exact location from which an investigation could be made and defense prepared.

On January 12, 1955, the case was tried and a verdict in the amount of $5,000 rendered against respondent. The court directed a verdict in favor of McCrory, defendant. On September 23, 1955, a new trial was granted respondent because of certain evidence which was improperly admitted.

While it is conceded the unusual delay in bringing the case on for trial prior to 1955, even though it may have indicated laches on the part of petitioners, is important in the present issue only to show that nearly seven years had elapsed from the date of the accident until the trial, we must conclude that any right respondent may have had to a judgment of non pros during that period was waived by proceeding to trial without such motion. However, the passage of time has important bearing on the subsequent delay and in particular aggravates the conditions which respondent claims prejudice its defense.

After the new trial had been granted, the case appeared on the trial list each term of court and was continued. On only three occasions was it continued by written motion and order, to wit, November 21, 1955, March 5, 1956, and May 17, 1957. These were upon motion of petitioners' counsel, although two were agreed upon by counsel for respondent. The other continuances were granted because of illness of petitioners or their counsel and on one occasion because

of illness of repsondent's counsel. Thus during this period of two years only one continuance is attributable to respondent's inability to proceed to trial.

On September 12, 1957, the case was called for trial and as in the past, on two occasions prior to the trial in 1955, respondent's witnesses were in court. Petitioners moved for a continuance for the reason they were unable to appear because of physical disability. No medical certification was offered in support of this. In fact, counsel for petitioners stated there was no assurance they would be able to appear at a subsequent term, but in such case he would join respondent in a motion for judgment of non pros.

Respondent objected to the continuance and moved for a judgment of non pros. In support of this motion it was stated that one of the trustees had died since commencement of the suit and another had resigned. In addition, because of repairs necessitated by relocation of power lines, the locale of the accident had been materially altered.

Counsel for respondent states in his brief that this case has been continued at least 17 times. Most of these were at the request of counsel for petitioners. We cannot determine who was responsible for these continuances prior to the trial of 1955 because there are few written motions and orders. We are aware that illness of counsel for McCrory and petitioners may have accounted for many of these. As indicated above, if there was laches, it was waived by the trial. However, after the new trial had been granted, there were at least eight terms during which the case could have been tried. If we discount the two during which petitioners' counsel was ill, and one during which respondent's counsel was ill, there were five terms available for trial.

The parties to a suit are entitled to a trial within a reasonable time. This case, because of the practice

of placing cases of earliest date at the head of the trial list, would have had precedence over many other cases which may have been continued because they were not reached. To permit further delay, particularly when there is no assurance petitioners will be available for trial, would be grossly inequitable. We are also concerned that changes have occurred in the membership of respondent trustees and the site of the accident has been materially altered. When we consider, as we must, that the memories of witnesses naturally grow dim with the passage of time, a delay of nine years at the time judgment of non pros was entered, and now nearly 12 years, certainly is unreasonable and would not permit a fair trial of the cause.

We therefore must refuse to remove the judgment of non pros heretofore entered and make the following

*Order*

Now, December 30, 1959, after consideration of the record and argument and briefs, the petition to strike off a judgment of non pros entered September 12, 1957, is dismissed at the cost of petitioners.